**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Dan Bardzell, SBN 313993
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF SUTTER

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATRICK ALEXANDER, | CASE NO. 2:17-cv-01622 WBS-CKD |
| Plaintiff, | **ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| V. | |
| YUBA CITY, its agents, servants and/or employees; NICOLAS MORAWCZNSKI, JASON PARKER, COUNTY OF SUTTER, DOES 1-50 inclusive, | Complaint Filed: August 4, 2017 |
| Defendants. | |

Defendant COUNTY OF SUTTER (herein the "COUNTY", "Defendant" or "Answering Defendant") hereby answers Plaintiff's Complaint as follows:

Defendant hereby reserves the right to raise additional affirmative defenses and/or submit such at trial, which are subsequently discovered through the discovery process. Defendant denies any allegations of the Complaint not specifically admitted herein.

## **COMPLAINT**

1. Answering paragraph 1, Defendant contends this is a conclusion not a fact to which a response is required. To the extent a response is required, it is denied.

## **JURISDICTION**

2. Answering paragraph 2, Defendant admits that jurisdiction is proper.

{01714876.DOCX} 1
**ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

## VENUE

3. Answering paragraph 3, Defendant admits that venue is proper.

## PARTIES

4. Answering paragraph 4, Defendant lacks sufficient information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

5. Answering paragraph 5, it is admitted.

6. Answering paragraph 6, Defendant lacks sufficient information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

7. Answering paragraph 7, it is admitted.

8. Answering paragraph 8, Defendant admits that COUNTY OF SUTTER is a governmental entity within the State of California.

## BACKGROUND AND FACTS OF THE CASE

9. Answering paragraph 9, it is admitted Shreves was murdered. As to the remaining claims, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

10. Answering paragraph 10, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

11. Answering paragraph 11, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

12. Answering paragraph 12, it is admitted a search warrant was served. As to the remaining claims, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

13. Answering paragraph 13, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

14. Answering paragraph 14, Defendant admits there was DNA evidence collected. As to the remaining claims, Defendant lacks sufficient information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

15. Answering paragraph 15, Defendant lacks sufficient personal information and knowledge to enable it to answer, and basing its denial on that ground, generally and specifically denies each and every allegation contained in said paragraph.

16. Answering paragraph 16, it is admitted an Information was filed. As to the remaining claims, those are denied.

17. Answering paragraph 17, it is admitted Plaintiff injured his jaw while in custody. As to any remaining claims, those are denied.

18. Answering paragraph 18, to the extent that any allegations set forth in said paragraph are directed towards the Answering Defendant, denied.

19. Answering paragraph 19, it is admitted a dismissal was filed. As to the remaining claims, the documents referred to speak for themselves and/or Defendant lacks sufficient information to answer, and on that basis it is denied.

20. Answering paragraph 20, to the extent that any allegations set forth in said paragraph are directed towards the Answering Defendant, denied.

## **CAUSE OF ACTION – (42 U.S.C. § 1983)**

21. Answering paragraph 21, Defendant incorporates the preceding paragraphs of its Answer, to the extent relevant, as though fully set forth herein.

22. Answering paragraph 22, Defendant contends that said paragraph sets forth a legal conclusion to which no answer is required.

23. Answering paragraph 23, Defendant contends that said paragraph does not direct any allegation towards the Answering Defendant and, as such, no answer is required. Insofar as an

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

answer may be deemed required, Defendant generally and specifically denies each and every allegation contained in said paragraph.

24. Answering paragraph 24, Defendant contends that said paragraph does not direct any allegation towards the Answering Defendant and, as such, no answer is required. Insofar as an answer may be deemed required, Defendant generally and specifically denies each and every allegation contained in said paragraph.

25. Answering paragraph 25, Defendant denies all allegations.

26. Answering paragraph 26, Defendant denies all allegations.

## **RELIEF REQUESTED**

27. Answering paragraph 27, Defendants contend that said paragraph does not contain averments of fact to which an answer is required but insofar as an answer may be deemed required, Defendant admits that Plaintiff requests the relief set forth in paragraphs 28-29 but denies he is entitled to any such relief.

28. Answering paragraph 28, Defendant generally and specifically denies Plaintiff is entitled to any relief or award or damages of any kind or nature.

29. Answering paragraph 29, Defendant generally and specifically denies Plaintiff is entitled to any relief or award or damages of any kind or nature.

## **PRAYER FOR RELIEF**

Defendant generally and specifically denies Plaintiff is entitled to any relief or award or damages of any kind or nature.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and through each separately stated cause of action, fails to state facts sufficient to constitute a viable cause of action against the Answering Defendant.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff was, at all times mentioned in the Complaint, himself guilty of comparative negligence or fault.

///

## THIRD AFFIRMATIVE DEFENSE

Other individuals and/or entities, save and except the Answering Defendant, were themselves comparatively negligent, strictly liable or otherwise legally responsible for the events and resulting injuries complained of herein and/or were guilty of comparative negligence or fault.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if any exist, and that the resultant damages, if any, complained of in the Complaint were directly and proximately caused by the failure, neglect and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief, and each of them, against the Answering Defendant are barred under the Eleventh Amendment to the U.S. Constitution pursuant to the doctrine set forth in *McMillian v. Monroe County*, 520 U.S. 781 (1997). "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). County officials are state actors when they act at the behest of state law and/or court orders. *See*, *e.g.*, *Smith v. Cty. of San Mateo*, No. C 99-00519 CRB, 1999 WL 672318, at *7 (N.D. Cal. Aug. 20, 1999) (sheriff was state rather than county official when detaining plaintiff pursuant to an outstanding bench warrant); *see also Munoz v. Kolender*, 208 F.Supp.2d 1125, 1152 (S.D. Cal. 2002).

## SIXTH AFFIRMATIVE DEFENSE

Collateral estoppel, "or issue preclusion, precludes relitigation of issues argued and decided in prior proceedings." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002). Plaintiff's claims are barred by the doctrine of collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant and its personnel had reasonable grounds to prosecute and detain Plaintiff, and probable cause to do the same, based on all the facts and circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action herein are barred by the applicable statute of

limitations.

## NINTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action herein are barred by the equitable doctrines of waiver, estoppel, and laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's tort claim(s), and each of them, to the extent that any such claim is pled, are barred on the grounds that Plaintiff failed to present tort claims, or petition to present late claims, with respect to any related claims and/or damages to the COUNTY and thus failed to comply with the claims presentation requirements of the California Government Tort Claims Act pursuant to California Government Code §§ 911.2; therefore, Plaintiff's claims, and each of them, are barred by the provisions of California Government Code § 945.4.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that Plaintiff failed to file an action based on a Government Tort Claim within the time provided by California Government Code § 945.6.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. The Answering Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded on behalf of the COUNTY OF SUTTER.

Dated: August 25, 2017
PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ Carl L. Fessenden
    Carl L. Fessenden
    Daniel Bardzell
    Attorneys for Defendants