UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL PATRICK ALEXANDER, | CIV. NO. 2:17-1622 WBS CKD |
| Plaintiff, | |
| v. | |
| YUBA CITY; NICOLAS MORAWCZNSKI; JASON PARKER; COUNTY OF SUTTER; and DOES 1-50, inclusive, | ORDER |
| Defendants. | |

----oo0oo----

On August 4, 2017, plaintiff filed this civil rights action under 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights. (Compl. ¶ 21-26.) Defendants' Yuba City and Morawcznski's responsive pleadings were due by Friday, August 25, 2017, and defendant Parker's responsive pleading was due by September 12, 2017, pursuant to Federal Rule of Civil Procedure 12(a).

On Monday, August 28, 2017, the first business day

1

after Yuba City and Morawcznski's answer was due, plaintiff filed requests for entry of default against Yuba City and Morawcznski. The next day, on August 29, 2017, the clerk entered the defaults of defendants Yuba City and Morawcznski. That very same day, Yuba City and Morawcznski filed their Answer to plaintiff's Complaint.

On August 31, 2017, after becoming aware that the clerk had entered the defaults of Morawczinski and Yuba City, defense counsel contacted plaintiff's counsel and asked for a stipulation to set aside the default. (Derick E. Konz Decl. ("Konz Decl.") ¶ 6 (Docket No. 14-3).) Plaintiff's counsel refused and stated that he planned to file a request for default judgments. Id.

Morawcznski and Yuba City now move to set aside the defaults and have their Answer be allowed to stand. Plaintiff requests that the court strike Yuba City and Morawcznski's Answer and enter a Default Judgment against them.

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists, the court will examine: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. TCI Grp. Life Ins. Plan v. Knoebber, 244 F. 3d 691, 696 (9th Cir. 2001). The party seeking to vacate an entry of default bears the burden of demonstrating that these factors favor vacating the default. Id.

A. Culpable Conduct

A defendant's conduct is deemed culpable "if he has received actual or constructive notice of the filing of the

2

action and intentionally failed to answer." <u>Knoebber</u>, 244 F. 3d
at 697. "Neglect [or] simple, faultless omissions to act and,
more commonly, omissions caused by carelessness" do not equate to
"an intentional failure to answer." <u>Id.</u> (citations omitted).
"Credible, good faith explanation negating any intention to take
advantage of the opposing party, interfere with judicial
decision-making, or otherwise manipulate the legal process is not
intentional." <u>Id.</u> at 698.

Here, defendants' failure to file a timely answer does
not appear to have been intentional. Defense counsel Bruce
Kilday acknowledges that he received a letter dated August 14,
2017, that mentioned that Yuba City had been served on August 4,
2017, but represents that this detail was inadvertently missed.
(Decl. of Bruce A. Kilday ¶ 9 (Docket No. 14-2).) Defense
counsel was never told that service had been accomplished, and
argues that had he known that the Complaint had been served, he
would have arranged for a timely response. <u>Id.</u>

There is no evidence suggesting that defendants were
attempting to take advantage of plaintiff or otherwise manipulate
the legal system. Defendants filed their Answer just two
business days after the responsive pleading had been due, seeming
to negate any inference that defendants were trying to
unnecessarily delay the process or take advantage of plaintiff.
The court finds that defendants have articulated a credible, good
faith explanation for filing the Answer on August 29 rather than
on August 25. This factor weighs in favor of setting aside the
defaults.

B.     <u>Meritorious Defense</u>

3

1    To satisfy this element, defendants must present

2 specific facts that would constitute a defense.  Knoebber, 244 F.

3 3d at 700.  While a mere general denial without fact is

4 insufficient, the burden "is not extraordinarily heavy."  Id.

5    Here, plaintiff alleges that he was forced into a

6 coerced confession and unlawfully held in custody without

7 sufficient evidence of his involvement in his neighbor's murder.

8 (Compl. ¶¶ 13, 20.)  In response, defendants state that a

9 preliminary hearing was held in the criminal case and the

10 Superior Court determined that the evidence was sufficient to

11 order plaintiff to remain in custody and to file a criminal

12 Information.  (Konz Decl. ¶ 7.)  By presenting these facts,

13 defendants have met their burden of submitting a meritorious

14 defense.

15   C.    Prejudice to Plaintiff

16    In order to be found prejudicial, the court must

17 determine that setting aside the default would "result in greater

18 harm than simply delaying resolution of the case."  Knoebber, 244

19 F. 3d at 701.  The applicable "standard is whether [plaintiff's]

20 ability to pursue his claim will be hindered."  Id.  (citations

21 omitted.)  "The delay must result in tangible harm such as loss

22 of evidence, increased difficulties of discovery, or greater

23 opportunity for fraud or collusion."  Id.

24    Here, Morawcznski and Yuba City filed their Answer four

25 calendar days--just two business days--after it was due, nearly

26 two weeks before co-defendant Parker's responsive pleading was

27 due, and only twenty-five days after the Complaint was filed.  It

28 is hard to imagine how setting aside the default would cause

4

plaintiff any harm.

Plaintiff argues that his safety is jeopardized and he will remain "under virtual house arrest" until this case is resolved. (Pl.'s Opp'n to Defs.' Mot. to Set Aside Defaults 6:26-7:5 (Docket No. 15).) However, plaintiff does not present any evidence that he has been harmed, or that he has been threatened with future harm, by virtue of the pendency of this action.

As discussed above, the three required elements all weigh in favor of setting aside the defaults. Additionally, the Ninth Circuit has emphasized that default judgments are "appropriate only in extreme circumstance; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F. 2d 461, 463 (9th Cir. 1984). Accordingly, defendants' Motion to set aside the defaults must be granted.

Because the court grants defendants' motion to set aside the defaults, plaintiff's motions for default judgment and to strike defendants' answer will be denied.

IT IS THEREFORE ORDERED that defendants' Motion to Set Aside Defaults (Docket No. 14) be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that plaintiff's Motion for Default Judgment and Motion to Strike Defendants' Answer (Docket No. 16) be, and the same hereby is, DENIED.

Dated: October 11, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE