**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Daniel Bardzell, SBN 313993
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF SUTTER

BRUCE A. KILDAY, ESQ. (S.B. 66415)
  Email: bkilday@akk-law.com
DERICK E. KONZ, ESQ. (S.B. 286902)
  Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants
YUBA CITY, NICOLAS MORAWCZSKI and JASON PARKER

**DAVID L. BISHOP**, Bar No. 219584
2155 Cecilia Way
Marysville, CA 95901
Telephone: (530) 923-7030
davidbishopesq@gmail.com

Attorney for Plaintiff
MICHAEL PATRICK ALEXANDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATRICK ALEXANDER, | CASE NO. 2:17-cv-01622 WBS-CKD |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| YUBA CITY, et al. | |
| Defendants. | Complaint Filed: August 4, 2017 |

{Joint Status Report w/ Plaintiff's additions; 00130687}   1

**JOINT STATUS REPORT**

Pursuant to the Court's August 4, 2017 Order Setting a Mandatory Status (Pretrial Scheduling) Conference, Plaintiff Michael Patrick Alexander ("Plaintiff") and Defendants Yuba City, Nicolas Morawcznski, Jason Parker, and County of Sutter (collectively "Defendants") submit the following Joint Status Report:

### A. Brief Summary of Claims

This action arises out of Plaintiff's arrest on or around January 25, 2013 related to the murder of Ms. Leola Shreves. Plaintiff contends that on January 25, 2013, police officers employed by Defendant Yuba City subjected Plaintiff to questioning related to Ms. Shreves' death and misconstrued the results of their investigation and threatened to jail Plaintiff's mother and sister resulting in a false confession by Plaintiff to killing Ms. Shreves. Plaintiff was arrested in connection with Ms. Shreves' killing. Plaintiff contends his arrest and subsequent prosecution for Shreves' murder by Defendant County of Sutter was undertaken maliciously and without sufficient evidence.

Plaintiff contends that during his jail stay related to the felony charges for Shreves' murder, his jaw was broken by another detainee in the jail. Plaintiff contends he was denied timely medical care by County of Sutter, was forced to live in unsanitary conditions, was denied antibiotics in accordance with his prescription, was not provided proper nutrition and, as a result, suffered a serious infection causing his face to swell. Plaintiff contends the infection and swelling exacerbated the surgery scarring leaving Plaintiff permanently disfigured.

On August 19, 2016 County of Sutter filed a request for Dismissal and Order with the Superior Court of the State of California, County of Sutter to dismiss the murder charges against Plaintiff. Plaintiff contends this dismissal should reasonably have been filed over three years earlier.

Based thereon, Plaintiff asserts claims for relief against Defendants Morawcznski, Parker, Yuba City and County of Sutter for "Deprivation of Constitutional Rights and Privileges" under 42 U.S.C. 1983. Specifically, Plaintiff asserts violation(s) of "unreasonable searches and seizures under the Fourth Amendment" and "the right to due process and self-incrimination under the Fifth

{Joint Status Report w/ Plaintiff's additions; 00130687}

2

**JOINT STATUS REPORT**

Amendment" as well as "protection of the laws under the Fourteenth Amendment of the United States Constitution."

Defendants deny Plaintiff's allegations. Defendants lawfully arrested Plaintiff and prosecuted him based on probable cause. Defendants further deny failing to provide Plaintiff with timely medical care or any other inadequate health-related services while Plaintiff was in jail related to the present matter.

### B. Status of service upon all defendants and cross-defendants

Service has been effectuated against all Defendants and all have answered.

### C. Possible joiner of additional parties

Defendants do not anticipate the joinder of any additional parties.

Plaintiffs anticipate joinder of additional parties related to the care, or lack thereof he received while detained in the Sutter County jail.

### D. Expected or desired amendment to the pleadings

Defendants do not anticipate amendment of the pleadings.

Plaintiff anticipates amending his Complaint to include additional parties and modifying claims according to new disclosures.

### E. The statutory basis for jurisdiction and venue

Plaintiff has alleged claims pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The parties agree that Federal question jurisdiction for these claims is derived from 28 U.S.C. §1331 because they arise under federal law. The parties additionally agree that venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the territorial boundaries of this judicial district.

### F. Anticipated motions and their scheduling

Defendants anticipate filing a motion for summary judgment. Defendants anticipate filing said motion pursuant to the discovery and litigation dates listed below.

///

///

{Joint Status Report w/ Plaintiff's additions; 00130687}

3

**JOINT STATUS REPORT**

**G. Report Required by Fed. R. Civ. P. 26**

**1. Initial Disclosures**

The parties have agreed that initial disclosures will be made contemporaneous with Defendants' responses to Plaintiff's Fed. R. Civ. P. 34 requests, currently due on December 29, 2017.

**2. Discovery Plan**

**a. The subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;**

Plaintiff anticipates conducting discovery regarding: (1) the identification of additional parties; (2) the identification of potential witnesses; (3) a request for the production of all relevant documents; (4) deposing defendants and potential witnesses. A list of potential deponents is not possible at this time until Defendant's documents have been released in discovery.

Defendants anticipate conducting discovery regarding Plaintiff's claims and alleged damages. Defendants anticipate deposing Plaintiff, his mother, and his sister.

The parties do not believe that discovery should be conducted in phases.

**b. What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any should be imposed;**

The parties do not anticipate the need for changes or modifications to the ordinary application of the FRCP and the Eastern District's Local Rules.

**c. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties do not anticipate any issues regarding electronically stored information.

///
///
///
///

{Joint Status Report w/ Plaintiff's additions; 00130687}

4

**JOINT STATUS REPORT**

**d. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Defendants anticipate having a protective order in place over any documents produced in this case. The purpose of which is to protect the integrity of an open criminal investigation and to protect the officers' right to privacy in their personnel records. Plaintiff has indicated he will stipulate to a protective order. The parties have not yet finalized such an agreement. If a protective order cannot be agreed to by stipulation, Defendants will likely move for a protective order.

**e. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not anticipate the need for other orders.

**f. The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

The parties propose that initial expert disclosures be cut-off 90 days after the close of non-expert discovery, and rebuttal expert disclosures be cut-off 120 days after the close of non-expert discovery.

**g. Proposed dates for non-expert discovery cut-off;**

The parties agree to a discovery cut-off date of 18 months from the date of this order, for completion of written discovery and depositions of all witnesses except experts.

**h. Proposed dates for expert discovery cut-off;**

The parties propose that expert discovery be cut-off 120 days after the close of non-expert discovery.

**i. Non-Dispositive and Dispositive Motion Cut-Off Date;**

The parties propose that non-dispositive and dispositive motions be cut-off 120 days prior to trial, not to include trial motions.

///

{Joint Status Report w/ Plaintiff's additions; 00130687}  5

**JOINT STATUS REPORT**

**j. Pre-Trial Conference Date**

The parties propose that the Pre-Trial Conference occur 90 days before trial.

**k. Trial Date; estimate of days of trial; and whether any party has demanded a jury:**

The parties propose that Trial occur 24 months from the date of this order. The parties anticipate that trial will last approximately 10-14 days. Defendants demand a jury trial.

**l. Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. §636(c):**

At this time the parties do not believe that any special procedures or referrals are necessary in this case. Defendants do not consent to the jurisdiction of a Magistrate Judge.

**m. Proposed modification of standard pretrial procedures due to the special nature of the case:**

The parties do not anticipate the need to modify the standard pretrial procedures.

**n. Whether the case is related to any other case, including any matter involving bankruptcy:**

At this time, the parties are not aware of any related cases of bankruptcy or other matters.

**o. Prospects for settlement, including whether a settlement conference should be scheduled:**

The parties are in agreement that an early settlement conference will be beneficial. The parties request a settlement conference before the Magistrate approximately 180 days from the date of this order.

**p. Any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter.**

There were other matters discussed in accordance with Local Rule 240 that may add to the just and expeditious disposition of this matter, particularly, the benefit of an early settlement conference.

///

{Joint Status Report w/ Plaintiff's additions; 00130687}   6

**JOINT STATUS REPORT**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

Dated: November 30, 2017	PORTER SCOTT
	A PROFESSIONAL CORPORATION

	By  */s/ Daniel Bardzell*
	     _____
	     Carl L. Fessenden
	     Daniel Bardzell
	     Attorneys for Defendant County of Sutter

Dated: November 30, 2017	ANGELO, KILDAY & KILDUFF, LLP

	By  */s/ Derick E. Konz*
	     _____
	     Bruce A. Kilday
	     Derick E. Konz
	     Attorneys for Defendants Yuba City, Nicolas Morawczski and Jason Parker

Dated: November 30, 2017	David L. Bishop

	By  */s/ David L. Bishop*
	     _____
	     David L. Bishop
	     Attorney for Plaintiff
	     Michael Patrick Alexander

{Joint Status Report w/ Plaintiff's additions; 00130687}	7

**JOINT STATUS REPORT**