**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Daniel Bardzell, SBN 313993
350 University Ave., Suite 200
Sacramento, California 95825
cfessenden@porterscott.com
dbardzell@porterscott.com

Attorneys for Defendant,
COUNTY OF SUTTER

ANGELO, KILDAY & KILDUFF, LLP
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
BRUCE A. KILDAY, SBN 66415
DERICK E. KONZ, SBN 286902
bkilday@akk-law.com
dkonz@akk-law.com

Attorneys for Defendants
YUBA CITY, NICOLAS MORAWCZSKI and JASON PARKER

David L. Bishop, SBN 219584
2155 Cecilia Way
Marysville, CA 95901
davidbishopesq@gmail.com

Attorney for Plaintiff
MICHAEL PATRICK ALEXANDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATRICK ALEXANDER, | CASE NO. 2:17-cv-01622 WBS-CKD |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| V. | |
| YUBA CITY, its agents, servants and/or employees; NICOLAS MORAWCZNSKI, JASON PARKER, COUNTY OF SUTTER, DOES 1-50 inclusive, | |
| Defendants. | Complaint Filed: August 4, 2017 |

**IT IS HEREBY STIPULATED** by and between Plaintiff, MICHAEL PATRICK ALEXANDER, and Defendants, YUBA CITY, NICOLAS MORAWCZNSKI, JASON PARKER, and COUNTY OF SUTTER, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which are subject to confidentiality limitations based on the law enforcement investigatory privilege and the Defendants' rights to privacy in their personnel files. This Order shall constitute a protective order pursuant to Fed. R. Civ. P. 26(c) and shall be enforceable as set forth therein. The Parties stipulate as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will potentially involve production of confidential law enforcement investigatory information and personnel records for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties stipulate and the court hereby issues the following Protective Order regarding production of confidential records.

2. DEFINITIONS

2.1 Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

2.3 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a part or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover all information disclosed by Parties during the course of this litigation, including but not limited to information disclosed pursuant to Fed. R. Civ. P. 26, 30, 31, 33, 34, 35, 36, and 45. This includes information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal disclosed material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5. CHALLENGING CONFIDENTIALITY

5.1 Timing of Challenges. Unless a prompt challenge to the confidentiality of a disclosure is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge confidentiality by electing not to mount a challenge promptly after the information is disclosed.

5.2 Meet and Confer. A Party that elects to initiate a challenge must do so in good faith and must begin the process by conferring with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that confidentiality is not proper and must give the Producing Party an opportunity to review the challenged material, to reconsider the circumstances, and to explain the basis for confidentiality. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 Judicial Intervention. A Party that elects to press a challenge to confidentiality may file and serve a motion under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for challenge. The burden of

persuasion in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled.

## 6. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

A Receiving Party shall use disclosed information only for prosecuting, defending, or attempting to settle this litigation. Such material may be disclosed only to counsel of record and a Party's expert. Attorneys who disclose such information to experts must instruct them not to disclose the information to anybody. If a person is deposed, confidential information may be used subject to the protective order. In such cases, the terms of the protective order will be put on the record and that part of the transcript shall remain confidential until otherwise allowed by court order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION). Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## 7. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed information covered by this Protective Order to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## 8. FILING CONFIDENTIAL INFORMATION

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any information covered by this Order. A Party that seeks to file under seal any such information must comply with Civil Local Rule 141.

## 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all information covered by this Order to the Producing Party. This includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any information covered by this Order. With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the information instead of returning it. Whether the information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that identifies the information that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the information covered by this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product.

10. MISCELLANEOUS

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 Right to Assert Other Objections. This Protective Order does not limit any right the Parties have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, this Protective Order does not limit the Parties' right to object on any ground to use in evidence any of the material covered by this Protective Order.

10.3 Documents Not Considered Confidential. Documents, including but not limited to electronic media, not considered confidential include video or audio recorded (including written transcripts) interviews or statements made to, with or by MICHAEL ALEXANDER. All documents that were filed with any court or received from any court and were not sealed will also not be considered confidential. All documents that were previously turned over to MICHAEL ALEXANDER's criminal defense counsel that were not sealed will also not be considered confidential. These documents are still covered by this protective order and will not be provided

to anybody, will not be uploaded or posted to any online website, and will not be disclosed to any news organization.

        10.4  <u>Documents to be Controlled by Receiving Party</u>.  The receiving Party agrees to control documents provided by producing Party.  The receiving Party agrees not to upload or post any produced material to any online website and not to disclose any produced material to any news organization.

**IT IS SO STIPULATED.**

Dated:  December 19, 2017                      PORTER SCOTT
                                                                                A PROFESSIONAL CORPORATION

                                                                                */s/Daniel J. Bardzell*
                                                            By _____
                                                                Carl L. Fessenden
                                                                Daniel J. Bardzell
                                                               Attorneys for Defendant County of Sutter

Dated:  December 19, 2017                      ANGELO, KILDAY & KILDUFF, LLP

                                                              */s/ Derick E. Konz*
                                                            By _____
                                                               Bruce A. Kilday
                                                               Derick E. Konz
                                                               Attorneys for Defendants Yuba City, Nicolas Morawczski and Jason Parker

Dated:  December 19, 2017                      David L. Bishop

                                                                */s/ David L. Bishop*
                                                            By _____
                                                               David L. Bishop
                                                               Attorney for Plaintiff
                                                               Michael Patrick Alexander

**IT IS SO ORDERED.**

Dated:  December 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE